## 29866. SAPP *v.* THE STATE.

DECIDED JANUARY 12, 1943.

*T. V. Williams, J. W. Waldroup, E. S. Chastain,* for plaintiff in error.

*C. V. Baker, solicitor, M. L. Preston, John S. Gibson,* contra.

BROYLES, C. J.   The accused was convicted of the offense of selling whisky without having a license to do so, at a roadhouse known as the Green Lantern, on the Douglas and Nicholls Highway in Coffee County.   It is alleged in the motion for new trial that the State failed to prove that the accused did not have a license to sell whisky at the Green Lantern, and that no other person had such a license.

On the trial a witness for the State testified as follows: "My name is Rexford Peterson.   I am clerk of the commissioners of Coffee County, Georgia.   There has not been a license issued to Clara Sapp [the defendant] granting her the privilege to sell whisky at the place known as the Green Lantern on the Nicholls and Douglas Highway.   There has not been a license issued to any one granting them the privilege to sell whisky anywhere between the city limits of Douglas and the city limits of Nicholls on the Douglas and Nicholls Highway."   It is alleged in the motion for new trial "that it was not shown by the State by Rexford Peterson that he had the authority to issue licenses to sell whisky in Coffee County, or that he was the only one who had [such authority].   It was not shown by Rexford Peterson that he had made a search of the records of the county commissioners and found that there had been no licenses issued to Clara Sapp or to any one to sell whisky at the place known as the Green Lantern on the Douglas and Nicholls Highway."   The testimony of Peterson was admitted without objection, and he was not cross-examined.   He testified positively that no license to sell whisky at the Green Lantern had been issued to the accused or to any one else. He was the clerk of the commissioners of the county and, nothing to the contrary appearing, it should be assumed that he had made a search of the records and found that no such license had been

738

issued. Furthermore, the accused in her statement to the jury did not claim that she or any one else had such a license, and no evidence was introduced to contradict the testimony of Peterson. Under these circumstances the jury were authorized to find that neither the accused nor any other person had such a license.

The ground of the motion for new trial based on alleged newly discovered evidence is without merit, since it appears from the ground that such evidence must have been, or should have been, known to the defendant before her trial. The verdict was authorized by the evidence and the denial of a new trial was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*