24514. PATTERSON v. THE STATE.

UNDERCOFLER, Justice. This is an appeal from a conviction of murder with a recommendation of mercy. The defendant drove his automobile into the deceased, an 11-year old girl, who was standing at a mail box located in front of her home five feet off the paved portion of the road. The defendant

enumerates as error the admission of the following evidence over his objections: 1. Testimony of a State expert witness that "anything from 1.0 to 1.5 milligrams [of alcohol in the defendant's blood] is considered under the influence but not definitely intoxicated" where the jury was not instructed that the presumptions arising from a blood alcohol test are to be governed by the provisions of *Code Ann.* § 68-1625 which provides that such alcohol content shall not create any presumptions either way; 2. The result of a blood alcohol test administered by someone other than an official designated for that purpose under *Code Ann.* § 68-1625; 3. The result of a blood test without a definite showing that the blood sample tested was the blood taken from the defendant; and 4. Three beer cans and a whiskey bottle which defendant contends had not been properly identified or connected with the case.

The evidence shows that the medical technologist at the Hutcheson Memorial Tri-County Hospital, Fort Oglethorpe, Georgia, at the written request of the defendant took his blood sample on Friday, June 9, 1967, the day of the alleged offense. She placed the sample in four tubes, personally labeled them and put them in a refrigerator in the laboratory. The following Monday, June 12, 1967, the chief technologist ran a modified nickelot test from these tubes while the medical technologist was present and he determined that the alcohol content of the blood sample was 1.8 milligrams or .18 per cent. The evidence shows that from Friday until Monday approximately eight persons employed in the laboratory had access to the refrigerator. The chief technologist had not been designated as a person authorized to administer blood alcohol tests under *Code Ann.* § 68-1625. Nine witnesses, including two State troopers, two deputy sheriffs, and the coroner, testified, without objection, that the defendant was highly intoxicated. Five of these witnesses repeated the same testimony on cross examination. The deputy sheriff testified that upon examining the defendant's automobile he saw two cans of beer on the back floorboard, a can of beer sitting on the front seat, and an empty pint whiskey bottle on the front floorboard. He had them taken from the automobile and photographed. They were then placed in the sheriff's office under "lock and key" until they were brought to the courtroom for the trial and were identified as the items taken from the defendant's automobile. *Held:*

1. The statutory presumptions under Ga. L. 1953, Nov. Sess., pp. 556, 575 (*Code Ann.* § 68-1625 (b)) arise only if the blood test is performed at the request of the defendant in the county of his confinement by a designated specialist as prescribed by the statute. *Pittman v. State,* 110 Ga. App. 625 (2) (139 SE2d 507). However, there is nothing which prohibits the introduction of expert testimony concerning the result of a blood alcohol test administered by a qualified person although he might not be designated to perform such tests under the Act. Section (b) 5 of this Act provides: "The foregoing provisions of this subdivision shall not be construed as limiting the introduction of any other competent evidence bearing upon the question whether or not the defendant was under the influence of intoxicating liquor." Furthermore, nine witnesses testified, without objection, that the defendant was highly intoxicated. *Seymour v. State,* 210 Ga. 21 (2) (77 SE2d 519); *Davis v. State,* 211 Ga. 76 (2) (84 SE2d 46); *Pierce v. State,* 212 Ga. 88 (1) (90 SE2d 417); and *Toler v. State,* 213 Ga. 12 (6) (96 SE2d 593).

Accordingly, there is no merit in Enumerations of error 1 and 2.

2. The evidence shows that the blood sample was handled in the normal course of testing and there is nothing in the record that creates a suspicion that the blood tested was other than that taken from the defendant. The identity of such blood samples need not be proved beyond all possibility of doubt or that all possibility of tampering with them be excluded. The circumstances need only establish reasonable assurance of the identity of the sample. *Interstate Life &c. Ins. Co. v. Whitlock,* 112 Ga. App. 212, 224 (3) (144 SE2d 532).

3. The beer cans and whiskey bottle were sufficiently identified to authorize their admission in evidence. *Wooten v. State,* 224 Ga. 106 (6).

*Judgment affirmed. All the Justices concur.*

Submitted March 11, 1968—Decided April 4, 1968.

*J. Donald Bennett,* for appellant.

*Earl Self,* Solicitor General, *John Wiggins, Arthur K. Bolton,* Attorney General, *Marion O. Gordon,* Assistant Attorney General, *William R. Childers,* Deputy Assistant Attorney General, for appellee.