## 61118. BISSELL v. THE STATE.

QUILLIAN, Chief Judge.

Defendant appeals his conviction for burglary with intent to commit rape and attempted aggravated sodomy. *Held:*

1. The general grounds are enumerated. The state's evidence was that a man, nude except for his socks and a hood over his head, confronted two young women in their bedclothes in their apartment bedroom about midnight. He had a knife in his hand. Saying he would not hurt them, he told them to take off their clothes, that he wanted sex. When neither woman responded, he advanced on one of the women, indicated his penis, and ordered her to sodomize him while threatening her with the knife. When the woman did nothing he began to tear at her nightgown. The other woman then began to scream and the man fled. Because of the hood neither woman could identify the man. Police investigation established that an open living room window, which the women had closed earlier, had its screen cut out and that a pair of running shorts were found in the living room. Four of six latent fingerprints taken from the outside of the open window were identified as those of defendant by a fingerprint expert. Another woman, living in the same community, testified that 4 days earlier than the date of the crime being tried, at about 2:30 a.m., she was accosted on the patio of her apartment by a naked, knife-wielding man wearing an obscene mask who said he would not hurt her, told her to take her clothes off, and touched her breast. Her husband came to the apartment door at that time and shouted at the man until he slowly left. She thought the defendant looked familiar but could not positively identify him as the intruder. Her husband testified that he had a good look at the man without the mask and identified him as the defendant. No testimonial evidence was presented by the

defense.

We find this evidence amply sufficient to authorize a rational jury to find defendant guilty beyond a reasonable doubt. *Driggers v. State,* 244 Ga. 160 (1) (259 SE2d 133).

2. Before the state introduced the evidence of the defendant's identification as the perpetrator of a similar crime, the trial court instructed the jury that it was about to hear evidence that "the court expects will show that the defendant in this case was involved in another criminal case of a similar nature." Defendant claims that by this instruction the trial court expressed an opinion of the guilt of defendant in violation of Code Ann. § 81-1104.

Since the transcript does not show that defendant objected to the instruction at trial or requested a mistrial therefor, he is estopped from raising the issue on appeal. *State v. Griffin,* 240 Ga. 470 (241 SE2d 230).

3. Defendant enumerates error because the evidence did not show that the latent fingerprints taken from the window were substantially accounted for the entire time between the time they were taken and their examination by the expert. We find no error. The officer who took the latent prints from the window testified identifying them as such and the expert fingerprint examiner also identified them as the same ones he compared against defendant's known fingerprints. "A chain of custody is not involved where distinct and recognizable objects are identified. [Cits.] Other courts have held this principle to apply to fingerprint evidence. [Cits.] It is our opinion that fingerprints are the type of evidence which need only be properly identified before their admission into evidence." *Roland v. State,* 137 Ga. App. 796 (3), 797 (224 SE2d 846). Accord, *Hall v. State,* 141 Ga. App. 289 (1) (233 SE2d 262).

4. It is contended that the trial court improperly denied defendant's motion to vacate the conviction and sentence because the same evidence which proved the intent to rape also proved the attempted aggravated sodomy and Code Ann. §§ 26-505 (a) and 506 (a) (1) bar conviction and sentence for more than one crime if one is included in the other.

We do not agree that the same evidence proved both offenses. In addition, similar arguments have been rejected in *Oglesby v. State,* 243 Ga. 690 (2) (256 SE2d 371), in which defendant was convicted of burglary with intent to commit murder of a named person and voluntary manslaughter of that person; and in *Moore v. State,* 140 Ga. App. 824 (2) (232 SE2d 264), where defendant was convicted of burglary and attempted armed robbery.

The rationale of these cases is that burglary is a crime against habitation whereas the other crime in each case was a crime against

the person. "The statutory definition of these offenses makes it clear that the Georgia legislature also intended to prohibit two designated kinds of general conduct, and that the two crimes, which were codified in separate chapters, are not established by the same proof of all the facts... [N]either crime is a lesser, or included, offense of the other as a matter of law or fact, for the facts must differ to convict under the statutes." Id. at 827.

Such reasoning applies equally as well to the facts in this case and we find no merit in the contention.

5. The 5th enumeration, alleging that the evidence was insufficient to establish the specific intent to rape, is subsumed within our finding in the first division of this opinion.

6. The 6th enumeration is not meritorious.

7. The trial court did not err in admitting evidence of another crime of a similar nature.

" '(B)efore evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. *French v. State,* 237 Ga. 620, 621 (229 SE2d 410) (1976). Once the identity of the accused as the perpetrator of the offense separate and distinct from the one for which he is on trial has been proven, testimony concerning the independent crime may be admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct. [Cits.]' *Hamilton v. State,* 239 Ga. 72, 75 (235 SE2d 515) (1977).

"We do not concede, as suggested by some, that the exceptions have swallowed the rule of inadmissibility of separate crimes. The *only* separate crimes which are admissible are those that are either similar *or* logically connected to the crime for which defendant is being tried. Crimes which are not similar or which are not logically connected to the crime for which defendant is being tried should be excluded from evidence. Proof of crimes which *are* similar or *are* closely connected to the crime charged *does* tend to establish the crime charged." *State v. Johnson,* 246 Ga. 654 (1), 655 (272 SE2d 321).

In this case the factual similarity of the separate offense and the offenses tried is remarkable. Within four days and in the same locality, a nude masked male, armed with a knife, approached women at a late hour, told them that he would not hurt them and demanded that they take their clothes off. "[T]he evidence of other crimes was probative as to identity, the main issue in the case." Id. at 655.

8. The final enumeration claims error for failure to grant a new trial based on newly discovered evidence in the form of an affidavit

from a witness stating that defendant was with him at an out of state location at the time of the alleged crimes. The witness was known to defendant's counsel at the time of trial but stated in the affidavit that he was unable, due to psychological stress, to remember then what he now recalls.

This evidence of alibi must also have been known to defendant himself if the witness stated that defendant was with him.

"The ground of the motion for new trial based on alleged newly discovered evidence is without merit, since it appears from the ground that such evidence must have been, or should have been, known to the defendant before her trial." *Sapp v. State,* 68 Ga. App. 737, 738 (23 SE2d 871).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 3, 1981 —
REHEARING DENIED MARCH 2, 1981 —
Burglary, etc. DeKalb Superior Court. Before Judge Broome.
*Stroud P. Stacy,* for appellant.
*Ann Mitchell, Madeline S. Griffin, Assistant District Attorneys,* for appellee.