## 42475. CUNNINGHAM v. THE STATE.
(334 SE2d 656)

CLARKE, Justice.

Appellant was convicted of two counts of vehicular homicide while under the influence of alcohol in violation of OCGA § 40-6-391 and of operating a motor vehicle while under the influence of alcohol.[1] He was sentenced to fifteen years to serve on one count of vehicular homicide followed by fifteen years on probation on the second count.

---

[1] The crime occurred on August 25, 1984. Appellant was convicted and sentenced February 1, 1985. A motion for new trial was filed that same day and denied May 31, 1985. The notice of appeal was filed June 13, 1985, and the transcript was certified June 24, 1985. The appeal was docketed in this court on July 1, 1985. The case was submitted for decision August 16, 1985.

The court found that the count involving operation of a motor vehicle while under the influence of alcohol merged with the vehicular homicides.

In the early evening of August 25, 1984, Cornelius Johnson, ten years old, James Willis, seven years old, and Jamel Phillips, were walking their bicycles along Bouldercrest Road in DeKalb County. They were walking on the grass off the roadway. An automobile driven by appellant hit first Cornelius Johnson and then James Willis from the rear. Cornelius Johnson was dead at the scene of the accident and James Willis died of his injuries on August 27, 1984. Although the car also hit Jamel Phillips' bike and dragged it down the road, he was able to jump clear. Two witnesses besides Jamel Phillips saw the accident and testified that the boys were off the road and that appellant's car left the roadway.

When appellant was approached by Officer Martinelli, the first officer on the scene, Martinelli noticed that his breath smelled of alcohol and that his speech was slurred. Appellant was read his Implied Consent Warnings. Officer Martinelli testified that appellant neither asked questions nor made any requests. Officer Doonan, who transported appellant to Grady Hospital for a blood alcohol test, also noticed a smell of alcohol on appellant. He read both Miranda Warnings and Implied Consent Warnings to appellant on the way to Grady, and he testified that appellant made no request for an independent test and asked no questions. At Grady, Officer Doonan waited with appellant for the administration of the blood alcohol test. He witnessed a corrections officer read appellant his Implied Consent Warnings, the third time that appellant had received these warnings. Officer Wilson, who read these warnings at Grady, also questioned appellant for information to fill out a consent form for the blood alcohol test. Appellant signed this form, and, according to testimony of Officer Wilson, he asked no questions as to an additional test.

The blood drawn at Grady was placed in two sealed vials. Appellant testified that he asked the technician who drew the blood about an additional test, but at trial the defense asked no questions of the technician regarding an additional test. The vials were transported to the State Crime Lab where the blood was tested and found to contain a blood alcohol level of .21 percent.

1. Appellant's first enumeration of error concerns the constitutionality of OCGA § 40-6-391 (a) (4) which prohibits driving while there is 0.12 percent of blood alcohol level. Appellant argues that this code section when considered in conjunction with OCGA § 40-6-393 (a) creates a mandatory presumption in violation of his constitutional rights. OCGA § 40-6-393 (a) provides that any person who through violation of OCGA § 40-6-391 (a) (4) commits the offense of homicide by vehicle shall be punished by imprisonment for not less than two

nor more than fifteen years. Appellant's argument is that OCGA § 40-6-391 (a) (4) creates a mandatory presumption of intoxication which, when considered in conjunction with OCGA § 40-6-393, creates a second mandatory presumption.

We found in *Lester v. State*, 253 Ga. 235 (320 SE2d 142) (1984), that OCGA § 40-6-391 (a) (4) creates no presumption but merely proscribes driving with a blood alcohol level of .12 percent. Since OCGA § 40-6-391 (a) (4) creates no presumption, there is no presumption created by its use in conjunction with OCGA § 40-6-393.

2. The second enumeration of error raised by appellant concerns the court's charge on OCGA § 40-6-391. There was no error in the court's charge.

3. Appellant complains in his third enumeration of error that the trial judge charged that if the jurors did not all agree on a verdict, he would be required by law to declare a mistrial since Georgia law does not allow a majority vote in jury cases. This charge was a correct charge as to the requirements of unanimity and was not an erroneous charge.

4. Appellant contends that the court erred in admitting evidence of a prior DUI arrest. The prior incident occurred on July 21, 1984, just over a month before the accident for which appellant was on trial. Once the identity of the defendant is shown to be the same as that of the perpetrator of an independent crime of sufficient similarity that proof of that crime tends to prove the offense charged, evidence of the independent crime may be introduced to show identity, motive, plan, scheme, bent of mind and course of conduct. *Williams v. State*, 251 Ga. 749 (312 SE2d 40) (1983); *Head v. State*, 246 Ga. 360 (271 SE2d 452) (1980); *Hamilton v. State*, 239 Ga. 72 (235 SE2d 515) (1977). Identity of the appellant as the perpetrator of both incidents was shown. The state showed sufficient similarities between the two incidents that the prior incident was admissible to show course of conduct and bent of mind.

5. In his fifth enumeration of error appellant alleges that there was a break in the chain of custody of the blood which was drawn for his blood alcohol test. It is true that there was some discrepancy in the testimony as to the amount of blood drawn but this does not prove, as alleged by appellant, that there was a break in the chain of custody or that there was tampering with the sample. The blood was drawn by a technician at Grady. The blood was drawn into two self-sealing vials which were labeled with the appellant's name and number. The vials were placed in an envelope bearing the same name and number and put into a refrigerator in the custody of corrections officers at Grady by Officer Wilson. The envelope bearing appellant's name was transported to the State Crime Lab where the blood was tested by James W. Panter. The envelope which he received was fast-

ened with staples. There was nothing to cause him to believe that anyone had tampered with the tubes. In *Rucker v. State*, 250 Ga. 371, 373 (297 SE2d 481) (1982), we reiterated our holding in *Patterson v. State*, 224 Ga. 197 (160 SE2d 815) (1968), that when a blood sample is routinely handled and ". . . nothing in the record raises a suspicion that the blood tested was other than that taken from the defendant, the evidence of tests on such blood is admissible." Further, "[t]he circumstances of the case need only establish reasonable assurance of the identity of the sample." Id. This enumeration is without merit.

6. Appellant's final enumeration of error is based on his contention that under *Steed v. City of Atlanta*, 172 Ga. App. 839 (325 SE2d 165) (1984), the state must affirmatively show that a defendant did not request the independent blood alcohol test to which he is entitled under OCGA § 40-6-392 (a) (3). However, the requirement of *Steed v. Atlanta*, supra, has never been adopted by this court. Further, *Steed* has recently been disapproved by the Court of Appeals in *State v. Dull*, 176 Ga. App. 152 (335 SE2d 605) (1985). The Court held in *Dull* that where there is discrepancy in testimony as to a defendant's request for an additional test, this simply creates a question of credibility for the trial court on a motion to suppress. The motion to suppress having been denied here, any discrepancy in the testimony of the appellant and the officers who arrested him and in whose custody he was kept until after the administration of the blood alcohol test presented only a question of credibility for the jury.

*Judgment affirmed. All the Justices concur, except Smith, J., who dissents as to Division 4 and the judgment.*

DECIDED SEPTEMBER 26, 1985 —
RECONSIDERATION DENIED OCTOBER 17, 1985.

*L. David Wolfe*, for appellant.
*Robert E. Wilson, District Attorney, Nelly F. Withers, Assistant District Attorney*, for appellee.