## 71424. LITTLE v. THE STATE.
### (342 SE2d 712)

SOGNIER, Judge.

Little appeals from his conviction of driving under the influence of alcohol, operating a motor vehicle without insurance, driving on the wrong side of the road, and reckless driving.

1. Appellant contends the trial court erred by denying his motion for a directed verdict of acquittal of the charges of driving under the influence of alcohol, driving on the wrong side of the road and reckless driving. The basis of the motions was that the State had not presented a prima facie case.

The evidence disclosed that appellant was driving home on the night of March 5, 1983. He started to make a left turn from State Highway 358 onto County Road 111, and did not see a truck coming from the opposite direction on Highway 358 until it was too late to stop. Although appellant put on his brakes the vehicles collided. When State Trooper Kim Blue arrived at the scene he talked to appellant, who related the above facts. Appellant had a strong odor of alcohol on his breath and told Blue he had been drinking. A blood test disclosed a blood alcohol count of .27 grams per cc of blood. Appellant was unsteady on his feet, his eyes were bloodshot and his speech was slurred. In Blue's opinion, appellant was under the influence of alcohol and was a less safe driver as a result of drinking. The right front wheel of appellant's vehicle was across the centerline of the road at the time of the accident.

Appellant argues as to Count 1 (driving under the influence of alcohol) that because the State did not show that Joan Cagle, Direc-

tor of the State Crime Laboratory in Macon, Georgia, had a valid permit to perform chemical tests on blood, her testimony as to appellant's blood alcohol count was not admissible. Appellant made no objection to the testimony of Cagle at the time it was offered. In fact, after Cagle testified the State presented another witness and rested its case; the court recessed overnight; the defense moved for a directed verdict of acquittal without raising this issue; the defense presented its case; and appellant renewed his motion for a directed verdict of acquittal, which was denied, before ever making a motion to strike Cagle's testimony. Thus, the objection was raised too late. "Any grounds [appellant] had for objecting to the testimony were apparent at the time it was introduced. [Appellant was] therefore bound to make [his] objections at that time." *Reaves v. State*, 242 Ga. 542, 551-552 (6) (250 SE2d 376) (1978). See also *Nicholson v. State*, 158 Ga. App. 858, 859 (2) (282 SE2d 407) (1981). Hence, it was not error to deny appellant's motion to strike the testimony of Mrs. Cagle.

Appellant's motion for a directed verdict of acquittal was based on the ground that a prima facie case had not been presented. We find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Accordingly, it was not error to deny appellant's motion for a directed verdict of acquittal. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

2. Appellant contends the trial court erred by denying his motion for a mistrial and his motions for a new trial by failing to act immediately to remove "the wailing brain-damaged victim" from the courtroom, and by failing to instruct the jury to disregard the conduct of the victim.

During the testimony of Blue appellant requested a hearing outside the presence of the jury. The request was granted but because the regular jury room was occupied by another jury in a different case, the court directed that the witnesses be removed from the witness room and the jurors placed in that room. As the jurors were walking into the witness room Leon Moore, Jr., who was severely handicapped as a result of the accident involving appellant, walked through the witness room and into the courtroom with his father. The reporter's note in the transcript indicates that Moore was making loud, unintelligible sounds in the courtroom, and after a brief colloquoy between counsel and the court, the court asked Moore's father to take his son out of the courtroom.

Appellant moved for a mistrial immediately upon Moore's entering the courtroom on the ground that exposing Moore to the jury did violence to appellant's rights, as it was obviously calculated to inflame the minds of the jury against him. The motion was denied and appellant contends this was error.

When Moore was taken out of the courtroom at the court's direction the jury had already seen him, and when the court questioned the jurors, five of them indicated that they either knew, or assumed, that Moore was the person injured in the accident with appellant. While the encounter with Moore was undoubtedly a shocking experience, there is nothing to indicate that the jurors were prejudiced by their encounter with Moore. The prosecuting attorney stated that Moore had not been subpoenaed as a witness, and the prosecutor was as surprised as anyone else by the sudden appearance of Moore. Hence, appellant's argument that Moore's appearance was "obviously calculated" to inflame the minds of the jury against him is not well taken. The trial court considered this matter carefully prior to making a ruling; in fact, the trial judge recessed the court overnight to allow himself time to research the law on this issue, and to allow counsel time to research the law and present arguments the following day in support of their respective positions. Only then did the trial judge make his ruling in this case. In the absence of a demonstration that a mistrial was essential to preservation of appellant's right to a fair trial, it is not an abuse of discretion to deny a motion for a mistrial, even in the absence of curative instructions. *O'Neal v. State*, 170 Ga. App. 637, 638 (2) (318 SE2d 66) (1984). Under the circumstances of this case, including the overwhelming evidence of appellant's guilt, we find no abuse of discretion.

Appellant also argues that the trial court erred by failing to instruct the jury to disregard the conduct of Moore as he was walking through the witness room. This argument is without merit.

At the time appellant's motion for a mistrial was denied, the court stated that the jury would be fully instructed that in their deliberations they should consider only the evidence introduced at trial. Appellant made no objection to this procedure and requested no curative instructions; the court did, in fact, give such an instruction to the jury in its charge. In the absence of a demonstration that a mistrial was essential to preservation of a defendant's right to a fair trial, it is not an abuse of discretion to deny a motion for a mistrial, even where no curative instructions are given. *Simonton v. State*, 151 Ga. App. 431 (1) (260 SE2d 487) (1979); *O'Neal*, supra.

In the instant case the trial court noted on the record that during voir dire examination appellant fully apprised the prospective jurors of the identity and condition of the victim by exhibiting newspaper articles describing his physical condition and financial plight. The jurors saw Moore only briefly, and there is no indication that they were prejudiced against appellant by that brief encounter. Thus, we find nothing to indicate that a mistrial was essential to preservation of appellant's right to a fair trial, and it was not error to deny his motion for a mistrial. *Simonton*; *O'Neal*, supra.

3. Appellant contends the trial court erred by allowing the testimony of Joan Cagle because a proper foundation was not laid by the State to show that Cagle had a valid permit to perform blood tests or that she met the requirements set forth in OCGA § 40-6-392 authorizing a person to perform such tests. We have decided this issue adversely to appellant in Division 1.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 24, 1986 —
REHEARING DENIED MARCH 13, 1986.

*James G. Maddox*, for appellant.
*Beverly B. Hayes, District Attorney, Harold D. McClendon, William T. McBroom III, Assistant District Attorneys*, for appellee.