## 72310. THE STATE v. GREENE.
(344 SE2d 771)

BANKE, Chief Judge.

The state appeals an order excluding from evidence the results of the defendant's blood-alcohol test in his prosecution for driving under the influence. The defendant contended in his motion in limine seeking to exclude the test results that the test was administered following an illegal arrest, that he was not advised of his right to an independent test in accordance with OCGA § 40-6-392, and that the machine on which he was tested was not properly maintained, repaired, or calibrated. The trial court did not specify the basis for its ruling.

The evidence introduced at the hearing on the motion in limine consisted solely of the testimony of the driver of another vehicle, with which the defendant's vehicle had collided, combined with the testimony of the two police officers who had investigated the accident. The officers determined from witnesses at the scene, including the defendant, that the defendant had been the driver of one of the vehicles. They testified that they placed him under arrest for driving under the influence because he had a strong odor of alcohol about him and was unsteady on his feet. *Held*:

1. OCGA § 17-4-20 (a) authorizes an officer to arrest without a warrant "if the offense is committed in his presence or within his immediate knowledge, if the offender is endeavoring to escape . . . or for other cause if there is likely to be failure of justice for want of a judicial officer to issue a warrant." It has been held that "[t]o justify the arrest without warrant, the officer need not see the act which constitutes the crime take place, if by any of his senses he has personal knowledge of its commission." *Lynn v. State*, 130 Ga. App. 646 (1) (204 SE2d 346) (1974).

The case before us is factually indistinguishable from *Waits v. State*, 172 Ga. App. 524 (1) (323 SE2d 624) (1984). As in that case, we hold the warrantless arrest was authorized.

2. The defendant did not testify or present any evidence at the hearing; and the officers testified unequivocally and without contravention that the warnings required by OCGA § 40-5-55 were provided the defendant, both at the scene and later at the police station. They

also testified that the blood-alcohol test was administered on a certified and properly maintained machine designed for that purpose and that the defendant both agreed to take the state-administered test and declined the opportunity for an independently administered test. There being no basis in the record before us for the exclusion of the results of the blood alcohol test based on any ground asserted by the defendant, the order of the trial court is reversed.

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED APRIL 30, 1986.

*Ralph T. Bowden, Jr.,* Solicitor, *Henry M. Newkirk,* Assistant Solicitor, for appellant.

*William E. Mumford,* for appellee.