72834. ROGERS v. THE STATE.
(348 SE2d 888)

CARLEY, Judge.

Appellant was tried before a jury and found guilty of driving under the influence of drugs, driving on the wrong side of the roadway, and homicide by vehicle in the first degree. He appeals from the judgments of conviction and sentence entered on the verdicts.

1. The trial court admitted into evidence the results of blood tests which showed a high concentration of marijuana metabolites in appellant's blood shortly after the collision. Appellant enumerates this ruling as error, asserting that there was no evidence that he was advised of his implied consent rights, as provided in OCGA §§ 40-5-55 and 40-6-392 (3), or that he had waived his right to an additional test.

The evidence was conflicting. However, two witnesses for the State testified that, although appellant was in pain and was groggy, he indicated that he understood the implied consent rights which had been read to him and that he voluntarily waived those rights. "Where there is a conflict over whether a defendant was advised of his right to an additional test, resolution of the question of credibility is for the trial court. [Cits.]" *State v. Dull*, 176 Ga. App. 152, 153 (335 SE2d 605) (1985). The trial court did not err in resolving that question in

favor of the State. *Hunter v. State,* 143 Ga. App. 541, 542 (1) (239 SE2d 212) (1977).

Even if, as appellant seems to contend, he was unconscious or semi-conscious and thus incapable of refusing to consent to blood tests, the results of the tests were nonetheless admissible. OCGA § 40-5-55 (b); *Rogers v. State,* 163 Ga. App. 641, 643 (1) (295 SE2d 140) (1982). There was no error.

2. Uniform Superior Court Rule 42.1 provides that "[p]rivate special prosecutors retained by the family or relatives of one named as a victim in an indictment or accusation may not participate in the prosecution of a criminal case." Appellant asserts that this Rule was violated because a private attorney, who was representing the parents of the victim in a pending civil suit against appellant, helped to arrange for the appearance of an expert witness for the State in the instant criminal case. Based upon this alleged violation of the Rule, appellant sought to prohibit the expert from testifying for the State. The trial court allowed the expert to testify over appellant's objection and this ruling is enumerated as error.

There is no need to determine whether we should adopt an exclusionary rule as the applicable procedural vehicle for securing enforcement of Rule 42.1. There was simply no violation of the Rule in the instant case. The parents' attorney did not sit at the counsel table and took no part in the actual trial of the instant case. The Assistant District Attorney who tried the instant case testified that the parents' attorney did not assist in the preparation of the State's case and was not present when the expert witness had been interviewed. The expert was being paid by the State. There is no prohibition on private counsel merely referring the State to an expert. The State was free to call the expert or not. It chose to do so. Under the circumstances, the trial court did not err in holding that the parents' attorney did not "participate in the prosecution" in violation of Uniform Superior Court Rule 42.1. See *Sustakovitch v. State,* 249 Ga. 273, 275 (290 SE2d 77) (1982) (the victim's attorney, who was allowed to sit at counsel table, was not a special prosecutor). Any possible bias or interest on the part of the expert witness himself was admissible as reflecting on his credibility. OCGA § 24-9-68. It would not, however, render him incompetent to testify. OCGA § 24-9-1 (a).

3. Appellant contends that the verdicts are against the weight of the evidence. This court is concerned with the sufficiency of evidence, not its weight. *Barnes v. State,* 171 Ga. App. 478 (320 SE2d 597) (1984). The evidence was sufficient for a rational trior of fact to find beyond a reasonable doubt that appellant was guilty of the offenses charged. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

4. Notwithstanding the holding in Division 3, appellant's convic-

tion for driving under the influence cannot stand. Under the circumstances of the instant case, the offense of driving under the influence merged into the crime of first degree vehicular homicide. " 'Proof of the elements of the offense of [first degree vehicular homicide] necessarily requires proof of the elements of [the underlying traffic violation]. Thus, the [underlying traffic violation] is a lesser included offense of [first degree vehicular homicide] under [OCGA § 16-1-6] and conviction of both offenses is proscribed under the provisions of [OCGA § 16-1-7].' " *Rank v. State*, 179 Ga. App. 28, 30 (2) (345 SE2d 75) (1986).

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 2, 1986 —
REHEARING DENIED SEPTEMBER 17, 1986 

*Archie L. Gleason*, for appellant.

*Sam B. Sibley, Jr.*, District Attorney, *Richard H. Goolsby, Charles R. Sheppard*, Assistant District Attorneys, for appellee.