72844. HOLMES v. THE STATE.
(350 SE2d 497)

BEASLEY, Judge.

Convicted of driving under the influence of alcohol (OCGA § 40-6-391 (a) (1)) and driving on the wrong side of the road (OCGA §§ 40-6-40 (a) and 40-6-1), appellant complains of the denial of his motions to suppress, in limine, and for directed verdict.

1. Appellant was involved in an automobile accident in which his car crossed the centerline and crashed into an oncoming car. Appellant was taken to the hospital with serious injuries. The state trooper investigating the accident arrived later and testified unequivocally

that he administered the Implied Consent Warnings to appellant, including the right to an independent test, and that appellant consented to the blood test, which was then administered in the emergency room by a medical technician. Other witnesses testified that, while appellant was badly hurt, he did have conscious periods. Appellant testified that he did not recall being given the warning. The trial court denied the motion to suppress and admitted the test, finding the warning in compliance with OCGA §§ 40-5-55 and 40-6-392 (a) (4).

Even where there are conflicts in the evidence as to whether a defendant was advised of this right to an additional test, resolution of the question of credibility is for the trial court. *Rogers v. State*, 180 Ga. App. 310 (348 SE2d 888) (1986), citing *State v. Dull*, 176 Ga. App. 152, 153 (335 SE2d 605) (1985). Where, as here, there is no direct conflict, but merely a failure of recollection by the accused, the trial court did not err in denying the motion and admitting the test. *State v. Greene*, 178 Ga. App. 875 (2) (344 SE2d 771) (1986); *Hunter v. State*, 143 Ga. App. 541 (1) (239 SE2d 212) (1977).

Even if, as appellant seems to allege, he was unconscious or semiconscious, and thereby incapable of refusing to consent to the test, the results of the test were nevertheless admissible. OCGA § 40-5-55 (b); *Rogers v. State*, supra; *Rogers v. State*, 163 Ga. App. 641, 643 (1) (295 SE2d 140) (1982).

The denial of the motion to suppress was not error.

2. The motion in limine was based on the same ground urged in the first enumeration and is disposed of by the ruling in Division 1.

3. Appellant's motion for directed verdict was based solely on the alleged failure to prove chain of custody of the blood sample. On appeal, for the first time, appellant contends that the state also failed to comply with the statute-provided chain in OCGA § 45-16-46. No objection on this ground was made at the time of the tendering of the sample or in the motion for directed verdict and was therefore waived. *Williams v. State*, 255 Ga. 97, 100 (4) (335 SE2d 553) (1985); *Little v. State*, 178 Ga. App. 268, 269 (1) (342 SE2d 712) (1986).

Regarding the actual chain of custody, the evidence showed that the trooper who requested the taking of the sample witnessed its taking by the lab technician who sealed the vial, initialed the seal and handed the vial to the trooper. The trooper then carried it to the patrol station and the radio operator placed it in a refrigerator where it stayed until she handed it to the coroner who delivered it to the state crime lab in Atlanta. The lab chemist stated that when he took the sample from the drop box used for the receipt of blood samples, the vial was still sealed and did not appear to have been tampered with.

Mere suspicion that others may have had access to the sample is not enough to exclude it. The circumstances of the case need only

show reasonable assurance of the identity of the sample and that there has been no tampering. *Cunningham v. State*, 255 Ga. 35, 38 (5) (334 SE2d 656) (1985), citing *Rucker v. State*, 250 Ga. 371, 373 (1) (297 SE2d 481) (1982) and *Patterson v. State*, 224 Ga. 197, 199 (2) (160 SE2d 815) (1968); *Phillips v. State*, 167 Ga. App. 260, 263 (2) (305 SE2d 918) (1983). The evidence here complied with this standard and the denial of the motion for directed verdict was not error.

4. Appellant filed his motion for new trial on the general grounds on October 25, 1985, the day the verdict was returned. The motion was heard and denied on November 27. Appellant complains that the court heard the motion before the transcript was prepared. OCGA § 5-5-40 (c) provides that "[T]he court may in its discretion hear and determine the motion before the transcript of evidence and proceedings is prepared and filed." It was not error for the trial court to do so. *Thompson v. State*, 175 Ga. App. 645, 650 (6) (334 SE2d 645) (1985); *McClure v. State*, 163 Ga. App. 236, 237 (2) (293 SE2d 496) (1982). Appellant did not ask the court for a delay until the transcript was ready and thus has no cause for complaint. Moreover, his complaint, that he needed the transcript so he could add grounds to the motion for new trial, is empty. His desire to add the failure of the court to charge certain of his requests did not require a transcript but only attention to the charge when it was given to the jury. Now having the transcript, he has not shown he would have discovered "any other errors." Appellant couples this last enumeration with another, that the motion for new trial should have been granted because of newly discovered evidence. Each enumeration should be presented separately. OCGA § 5-6-40.

Since the purported newly discovered evidence, presented to the court by way of Johnny Peeples' affidavit, was not in fact newly discovered, the denial of the motion was not in error. OCGA § 5-5-23; *Bissell v. State*, 157 Ga. App. 711, 714 (8) (278 SE2d 415) (1981).

*Judgment affirmed. Benham, J., concurs. Deen, P. J., concurs specially.*

DEEN, Presiding Judge, concurring specially.

I concur fully with all of the opinion except as to Division 3. Since, as stated in the majority opinion, no objections were made below and since the contentions are advanced for the first time in the appellate court, the enumerations presented as to the motion for directed verdict could not be considered further.

DECIDED NOVEMBER 7, 1986.

*J. W. Yarbrough*, for appellant.
*Jack O. Partain, District Attorney, Lee R. Taylor, Assistant Dis-*

*trict Attorney*, for appellee.