73300. CURTIS v. THE STATE.
(355 SE2d 741)

BENHAM, Judge.

Appellant Curtis was convicted of vehicular homicide. He appeals from the denial of his motion for new trial.

1. Appellant contends in his first enumeration of error that the verdict is contrary to the law and against the weight of the evidence. The record reveals that on May 2, 1985 appellant was driving his vehicle on a rain-slickened road at an excessive speed. The posted speed limit was 35 miles per hour. Appellant's passenger, who asked him to reduce his speed, testified appellant was going about 55 to 60 miles per hour. A witness standing nearby testified that appellant was traveling about 70 to 75 miles per hour. Appellant lost control of his car and skidded across the centerline slamming into a pickup truck, killing the driver. The investigating officer testified that he inspected the interior of appellant's car and smelled alcohol in the car. The nurse who attended appellant in the ambulance testified that she smelled alcohol on appellant. Upon arriving at the hospital, appellant told the emergency room nurse that he had been drinking a lot of beer and whiskey. The evidence presented was amply sufficient to enable a rational trier of fact to find the appellant guilty of homicide by vehicle beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Shadix v. State,* 179 Ga. App. 644 (347 SE2d 298) (1986).

2. Appellant asserts in his second enumeration of error that the admission of the results of his blood-alcohol test was error because he was "addled" from the accident, and therefore was not aware of his right to an additional test and did not give knowing consent to the extraction of his blood. The testimony of the nurse and police officer who saw him at the hospital refutes appellant's claim. The nurse testified that he witnessed two police officers tell appellant that they wanted to "draw blood-alcohol" and that he consented after they read his rights. One police officer testified that he read the implied consent warning from a card he carried for that purpose, a portion of which stated that, under Georgia Code § 40-6-392, a suspect has the right to additional tests. " 'Where there is a conflict over whether a defendant was advised of his right to an additional test, resolution of the question of credibility is for the trial courts.' [Cit.] The trial court did not err in resolving that question in favor of the State. [Cit.] Even if, as appellant seems to contend, he was unconscious or semi-conscious and thus incapable of refusing to consent to blood tests, the results of

the tests were nonetheless admissible. OCGA § 40-5-55 (b)." *Rogers v. State*, 180 Ga. App. 310 (1) (348 SE2d 888) (1986).

3. Appellant's third and eighth enumerations are not argued and are therefore deemed abandoned. Court of Appeals Rule 15 (c) (2). *Williams v. State*, 178 Ga. App. 80 (3) (342 SE2d 18) (1986).

4. In his fourth enumeration of error, appellant asserts that the State failed to prove an adequate chain of custody of his blood samples. This enumeration is without merit. The blood was drawn by a nurse at Gordon Hospital who sealed the vial and placed appellant's name on the label. Escorted by a police officer, the nurse took the vial of blood to the lab and handed it to the lab technician who, with the assistance of the police officer, locked the vial in a box to prevent tampering. A few days later a police officer picked up the vial and transported it to the State Crime Lab where he turned it over to the forensic toxicologist. The forensic toxicologist testified that she received the vial in good condition and sealed with paraffin and a rubber stopper. "There was nothing to cause [her] to believe that anyone had tampered with the tubes . . . [W]hen a blood sample is routinely handled and 'nothing in the record raises a suspicion that the blood tested was other than that taken from the defendant, the evidence of tests on such blood is admissible.' " *Cunningham v. State*, 255 Ga. 35 (5) (334 SE2d 656) (1985). See also *Holmes v. State*, 180 Ga. App. 787 (3) (350 SE2d 497) (1986).

5. In appellant's fifth enumeration of error, he complains of the admission of a doctor's testimony that appellant had a high level of alcohol in his blood. The basis for appellant's complaint is that the blood test from which the doctor got information about appellant's blood alcohol level was not conducted by the State Crime Lab or in accordance with its standards, and that the doctor's testimony was hearsay. We agree that the testimony was hearsay (compare *McCall v. Parker*, 177 Ga. App. 774 (341 SE2d 303) (1986)), and that the record does not show whether the test was conducted in accordance with the standards of the State Crime Lab, but we do not find the admission of the testimony to be cause for reversal. The exact blood-alcohol level revealed by the test was not mentioned, just that appellant had a high level of alcohol in his blood. That testimony was merely cumulative of other evidence of appellant's intoxication, including a properly introduced blood-alcohol test, testimony that appellant told a nurse that he had been drinking heavily, and testimony that appellant smelled of alcohol in the ambulance. Under those circumstances, the erroneous admission of the testimony does not require reversal. *Caston v. State*, 178 Ga. App. 752 (1) (344 SE2d 725) (1986).

6. Appellant's sixth, seventh, ninth, and eleventh enumerations of error all concern the trial court's refusal to give requested charges. "It is not necessary to give the precise language of a request to charge

when the principles upon which the jury must make its decision are clearly explained. [Cits.]" *Jackson v. State,* 249 Ga. 751 (2) (295 SE2d 53) (1982). That being the situation in the present case, the cited enumerations of error are without merit.

7. The trial court's recharge on criminal negligence was a correct statement of the law (see *Johnson v. State,* 170 Ga. App. 433 (3) (317 SE2d 213) (1984)) and did not, as appellant urges, overly emphasize the principles given therein.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED MARCH 17, 1987 —
REHEARING DENIED MARCH 31, 1987.

*Howard W. Jones,* for appellant.
*Darrell E. Wilson, District Attorney,* for appellee.

