## 74870. JOHNSON v. THE STATE.
### (362 SE2d 450)

POPE, Judge.

Nathan Johnson brings this appeal from his conviction and sentence of homicide by vehicle in the first degree, OCGA § 40-6-393 (a). *Held*:

1. Defendant first enumerates as error the admitting into evidence of certain blood-alcohol test results. He cites two grounds in support of this enumeration.

(a) We find no merit in defendant's challenge to the chain of custody of the blood sample taken from him at the hospital shortly after the incident. "[W]here the State seeks to introduce evidence of a fungible nature, it must show a chain of custody which is adequate to preserve the identity of the evidence. [Cit.] Hence, the burden is on the prosecution 'to show with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution.' [Cit.] However, the State need not negate all possibility of tampering, and 'need only establish reasonable assurance of the identity' of the confiscated evidence. [Cits.]" *Kelly v. State*, 182 Ga. App. 7, 9 (354 SE2d 647) (1987). "It is true that there was some discrepancy in the testimony as to the amount of blood drawn but this does not prove . . . that there was a break in the chain of custody or that there was tampering with the sample." *Cunningham v. State*, 255 Ga. 35, 37 (334 SE2d 656) (1985). Nor does the absence of the testimony of the police officer who placed the sample in the police department refrigerator prior to delivery to the State Crime Lab render this evidence inadmissible. *Mutcherson v. State*, 179 Ga. App.

114 (345 SE2d 661) (1986). "[W]hen a blood sample is routinely handled and nothing in the record raises a suspicion that the blood tested was other than that taken from the defendant, the evidence of tests on such blood is admissible." (Punctuation omitted.) *Cunningham,* supra at 38.

(b) We likewise find no merit in defendant's assertion that he was not properly advised of his right to an independent test pursuant to OCGA § 40-6-392 (a) (3). "[W]here there are conflicts in the evidence as to whether a defendant was advised of this right to an additional test, resolution of the question of credibility is for the trial court. . . . Even if, as [defendant] seems to allege, he was ["groggy"] or semi-conscious, and thereby incapable of refusing to consent to the test, the results of the test were nevertheless admissible." (Citations and indention omitted.) *Holmes v. State,* 180 Ga. App. 787, 788 (350 SE2d 497) (1986).

2. Defendant also cites as error the introduction into evidence of a photograph of the victim at the scene and alleges that it was inflammatory and irrelevant. Photographs depicting the nature and extent of the victim's wounds, the location of the body, the crime scene, and the victim's identity are admissible. *Gaskins v. State,* 250 Ga. 386 (5) (297 SE2d 729) (1982), overruled on other grounds, *Teague v. State,* 252 Ga. 534 (1) (314 SE2d 910) (1984). Photographs which tend to show relevant and material facts are admissible although it is alleged that they are designed to inflame and prejudice the jury. *Meeker v. State,* 249 Ga. 780 (294 SE2d 479) (1982); see *Mincey v. State,* 257 Ga. 500 (8) (360 SE2d 578) (1987). "This is true even when the cause of death is not in dispute." *Meeker,* supra at 780. Therefore, the introduction of the photograph in this case was not error.

3. The jury returned the following verdict: "In the case of The State v. Nathan Johnson, charged with the offense[s] of homicide by vehicle in the first degree and driving under the influence, we, the Jury, find the Defendant guilty of homicide by vehicle in the first degree." In his final enumerations of error defendant argues that since he was not found guilty of driving under the influence of alcohol, he could not be sentenced for "felony" vehicular homicide. We find no merit in this argument.

The trial court properly and fully charged the jury the law relating to both offenses charged. The court specifically charged that "Count Two charges the Defendant with driving under the influence. And that's a necessary part of Count One also. . . ." See OCGA § 40-6-393 (a). The court further charged the jury that "if you find the Defendant guilty of the first offense, homicide by vehicle in the first

degree, that, of course, eliminates the others."[1] "[T]he court was justified in instructing the jury so as to prevent them from needlessly considering the charge of [driving under the influence] if they found [defendant] guilty of [homicide by vehicle in the first degree.]" *Harper v. State*, 157 Ga. App. 480, 481 (278 SE2d 28) (1981); see also *Rogers v. State*, 180 Ga. App. 310 (4) (348 SE2d 888) (1986). In light of the charge and the facts of record, the jury necessarily found defendant guilty of driving under the influence when it found him guilty of felony vehicular homicide, and the evidence was such that any rational trier of fact could have found defendant guilty thereof beyond a reasonable doubt. See *Deshazier v. State*, 155 Ga. App. 526 (2) (271 SE2d 664) (1980).

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED OCTOBER 23, 1987 —
REHEARING DENIED NOVEMBER 4, 1987 — 

*Michael A. Lewanski*, for appellant.
*Spencer Lawton, Jr., District Attorney, Gregory M. McConnell, Assistant District Attorney*, for appellee.

---

[1] The trial court also charged the offense of homicide by vehicle in the second degree as a lesser included offense in addition to charging the offense of driving under the influence of alcohol.