## 75182. MOSLEY v. THE STATE.
### (365 SE2d 451)

Sognier, Judge.

Appellant was convicted of driving under the influence of alcohol and driving with .12 percent or more by weight of alcohol in his blood. The court found that the accusations set forth two alternative methods of charging the offense of driving under the influence of alcohol, and ordered that appellant be sentenced only for Count 2, driving with .12 percent or more by weight of alcohol in his blood. Mosley appeals.

1. Appellant contends his conviction should be reversed because the State responded falsely to appellant's *Brady* motion (*Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215)). The basis of this contention is that in response to appellant's motion, the State included the following statement: "Defendant was in shock after the accident. Impossible for officers or witnesses to tell that Defendant was drunk since he was so shaken. . . ." (The accident referred to occurred when a woman leaving a night club ran into the road in front of appellant's vehicle; the woman was struck by the car, resulting in her death.) At the hearing on appellant's motion for a new trial, police officer Harvey Jennings testified that his opinion at the time of the incident and at the hospital where appellant was taken for treatment of shock was that appellant was not under the influence of alcohol. Jennings also testified that he volunteered this information to appellant's counsel after the trial of this case. Because of this testimony, appellant argues that the State falsely responded to his *Brady* motion for exculpatory information, and that the false response constituted reversible error. We do not agree.

Jennings was the prosecuting officer in this case and testified at appellant's trial. Appellant did not cross-examine Jennings about the statement supplied by the State in response to the *Brady* motion, nor did appellant ask Jennings his opinion as to appellant's state of intoxication, if any, at the scene of the accident. Jennings' name was on an amended list of witnesses furnished to appellant prior to trial, and there is no indication that he was not available to be interviewed prior to trial as to his expected testimony. Appellant also stated in his brief that he "has no evidence and does not suggest that the Solicitor knew of that opinion at any time prior to trial." Under such circum-

stances we find no error.

Logic dictates that an opinion of a witness, unexpressed verbally or in writing, is not discoverable under a *Brady* motion, since the State is not required to disclose something it does not know. *Lingerfelt v. State*, 147 Ga. App. 371, 377 (9) (249 SE2d 100) (1978); *Upshaw v. State*, 172 Ga. App. 671, 672 (1) (324 SE2d 529) (1984). However, pretermitting the question of whether an unexpressed opinion of a police officer is "knowledge" in possession of the State (prosecutor) which is unknown to the defense, and thus discoverable, the police officer's opinion in this case does not create a reasonable doubt that did not otherwise exist. See *Castell v. State*, 250 Ga. 776, 782 (2) (301 SE2d 234) (1983). Appellant was convicted and sentenced for driving with .12 percent or more by weight of alcohol in his blood. It is undisputed that appellant was driving his car, and the State introduced the results of a blood test showing that appellant had .19 percent by weight of alcohol in his blood after the accident. OCGA § 40-6-391 (a) (4) creates no presumption that a person is *intoxicated*, but merely proscribes driving with a blood alcohol level of .12 or more. *Cunningham v. State*, 255 Ga. 35, 37 (1) (334 SE2d 656) (1985). Thus, the police officer's opinion as to whether or not appellant was under the influence of alcohol at the time of the accident was immaterial to the issue of whether he was driving with .12 percent or more by weight of alcohol in his blood. Accordingly, it was not error to deny appellant's motion for a new trial on the ground that the State made a false response to appellant's *Brady* motion.

2. Appellant alleges the evidence is not sufficient to support the verdict, because there is no evidence that at the time of the accident, appellant had a blood alcohol count of .12 percent or more by weight. The basis of appellant's argument is that the State did not present evidence as to the effect of shock on a person's blood alcohol level, and thus, there was no evidence that appellant was *driving* with .12 percent or more by weight of alcohol in his blood. This argument is without merit.

It is undisputed that appellant was driving at the time of the accident, and that a blood sample was taken from him about thirty minutes later at the hospital. Nor is it disputed that the results of a test of that blood disclosed a blood alcohol level of .19 percent. Since there was no evidence to show that appellant consumed any alcohol between the time of the accident and the time a blood sample was drawn, it may be inferred that the alcohol was in appellant's blood at the time of the accident. Appellant has cited no authority, and we have found none, which requires the State to negate the possibility that appellant's high blood alcohol level was caused by something other than his consumption of alcoholic beverages. Once the State established a prima facie case, as it did here, it was up to the defense to

overcome such evidence; the State need not disprove beyond a reasonable doubt every fact constituting any and all affirmative defenses related to the culpability of the accused. *Strong v. State*, 246 Ga. 612, 616-617 (8) (272 SE2d 281) (1980). Since appellant did not overcome the State's evidence, the evidence is sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JANUARY 6, 1988 —
REHEARING DENIED JANUARY 25, 1988.

*Donald T. Wells, Jr.*, for appellant.
*Ken Stula, Solicitor, Kristopher Shepherd, Assistant Solicitor,* for appellee.