S94A1174. STEVENSON v. THE STATE.
(453 SE2d 18)

SEARS, Justice.
On October 10, 1992, Christian Stevenson was involved in an au-

---

tomobile accident in which a pedestrian who ran out in front of Stevenson's car was seriously injured. The police detective who investigated the accident informed Stevenson at the scene that under Georgia law any person involved in a traffic accident resulting in serious injuries is considered to have given consent to a chemical test for the presence of alcohol or drugs, OCGA § 40-5-55. Stevenson responded that he had not drunk any alcohol or taken any drugs, but that he had been to a party where others had been smoking marijuana. Stevenson then agreed to accompany the police to a local hospital to have tests performed, where he was read and signed an implied consent form. After tests were performed, an officer drove Stevenson back to his car and allowed Stevenson to drive himself home. Stevenson was not cited with any traffic violation, and the officers told him that the accident was not his fault.

The chemical tests revealed no alcohol or controlled substance in Stevenson's blood, but revealed a trace of marijuana in Stevenson's urine. Based on this test result, Stevenson was charged, five months after the accident, with "being in actual physical control of a moving vehicle at a time when marijuana was present in his urine," in violation of OCGA § 40-6-391 (a) (5). Stevenson initially pled not guilty on June 25, 1993, but on October 25, 1993, the date his case was scheduled for a jury trial, Stevenson was allowed to enter a plea of nolo contendere.[1]

1. Before entering his nolo contendere plea, Stevenson moved the court to suppress his statement about the party and to suppress the blood and urine test results. The record reveals that Stevenson's statement was voluntary, and was not made in response to police interrogation or while in police custody. Thus the trial court did not err in finding that no *Miranda* warnings were required before Stevenson made the statement. Further, the trial court correctly found that because the traffic accident in which Stevenson was involved resulted in a serious injury, Stevenson was deemed by operation of law, pursuant to § 40-5-55, to have given consent to a chemical test of his bodily substances for the presence of alcohol or any other drug.

2. Stevenson contends that § 40-6-391 (a) (5) is unconstitutional because it creates an impermissible irrebuttable presumption that a person with a trace, no matter how minuscule, of marijuana in his or her system is an unsafe driver.[2] We addressed a similar argument in

---

[1] Stevenson was charged on March 23, 1993. After accepting his plea, the trial court expressly gave Stevenson permission to appeal constitutional issues raised. Stevenson filed a notice of appeal to the Court of Appeals on October 29, 1993, and the Court of Appeals transferred the appeal to this court on March 28, 1994. The appeal was submitted for decision without oral argument on June 20, 1994.

[2] OCGA § 40-6-391 (a) provides as follows:

A person shall not drive or be in actual physical control of any moving vehicle

*Lester v. State,* 253 Ga. 235 (320 SE2d 142) (1984). In *Lester,* the appellant argued that OCGA § 40-6-391 (a) (4) (establishing the blood alcohol level upon which a violation of the statute could be proved) created a conclusive presumption of impaired driving ability, relieving the state from the burden of proving its case, id. at 237. This court held, to the contrary, that the statute

> defines a specific act, driving while having a blood alcohol count of [then] at least .12%, as criminal. The state is required to prove beyond a reasonable doubt that the defendant committed this act. [Cit.] Impaired driving ability is not a "fact necessary to constitute the crime." . . . [The subsection] simply sets out an alternative method of proving the crime established by the DUI statute.

Id. See also *Webb v. State,* 253 Ga. 686 (324 SE2d 188) (1985) (rejected argument that subsection (a) (4) is unconstitutionally vague because the average person cannot detect the prohibited conduct until arrested and subjected to a chemical test); *Cunningham v. State,* 255 Ga. 35, 37 (334 SE2d 656) (1985) (no impermissible presumption created by use of subsection (a) (4) in conjunction with OCGA § 40-6-393, which relates to homicide by vehicle); and *Lattarulo v. State,* 261 Ga. 124 (401 SE2d 516) (1991) (express provision that a person is "under the influence" with a blood alcohol level of .08 or more, OCGA § 40-6-392 (b) (3), "does not create a burden-shifting presumption of guilt . . . [and] is within the Legislature's authority under the Twenty-First Amendment and the police power," id. at 125).

Like the subsection considered in *Lester,* subsection (a) (5) criminalizes a specific act: driving or being in control of a moving vehicle while there is any amount of marijuana or controlled substance in a person's blood or urine. The state must prove the elements of the offense in subsection (a) (5) beyond a reasonable doubt, but those ele-

---

while:

(1) Under the influence of alcohol to the extent that it is less safe for the person to drive;

(2) Under the influence of any drug to the extent that it is less safe for the person to drive;

(3) Under the combined influence of alcohol and any drug to the extent that it is less safe for the person to drive;

(4) The person's alcohol concentration is 0.10 grams or more at any time within three hours after such driving or being in actual physical control from alcohol consumed before such driving or being in actual physical control ended; or

(5) Subject to the provisions of subsection (b) of this Code section, there is any amount of marijuana or a controlled substance, as defined in Code Section 16-13-21, present in the person's blood or urine, or both, including the metabolites and derivatives of each or both without regard to whether or not any alcohol is present in the person's breath or blood.

ments do not include impaired driving ability. Furthermore, subsection (a) (5) raises less cause for concern than does subsection (a) (4) because, unlike alcohol, Georgia law prohibits the use of marijuana altogether, without regard to the operation of a motor vehicle, OCGA § 16-13-30.[3] We find no merit in this enumeration of error.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 13, 1995.

*G. Scott Sampson*, for appellant.

*Ralph T. Bowden, Jr., Solicitor, Kellie L. Stevens, W. Cliff Howard, Assistant Solicitors*, for appellee.

---

[3] We do not address whether § 40-6-391 (a) (5) could be constitutionally applied where a person has been forced to ingest marijuana involuntarily or against the person's will.