## A93A1798. IVEY v. THE STATE.
(437 SE2d 810)

BLACKBURN, Judge.

The appellant, Kory Ivey, was charged with driving under the influence, operating a vehicle while in possession of an open container, and driving too fast for conditions. Prior to arraignment, Ivey filed a special demurrer to the accusation, contending that it did not comply with the signature requirement of OCGA § 17-7-71 because it contained the typewritten name of the district attorney rather than his

actual signature.

At the inception of the trial, Ivey also filed a motion for discharge and acquittal, asserting that if his special demurrer were granted, subsequent prosecution would be barred. The trial court denied the special demurrer, but adjourned the proceeding when counsel for Ivey persuaded him that immediate, direct appeal of the denial was authorized. Ivey then filed a notice of appeal resulting in this direct appeal.

As noted in *Gibson v. State*, 187 Ga. App. 769 (371 SE2d 413) (1988), this court has previously upheld the validity of accusations which contained only the typewritten name of the solicitor, notwithstanding the statutory requirement that such be signed by the solicitor. In doing so, we reasoned that the typed name was the equivalent of a signature within the meaning of the statute. *Hardeman v. State*, 147 Ga. App. 120 (1) (248 SE2d 189) (1978); *Byrd v. State*, 72 Ga. App. 840 (1) (35 SE2d 385) (1945).

However, we may not address the issue now, because objections to overruling a special demurrer are reviewable by the appellate courts under the interlocutory appeal procedures of OCGA § 5-6-34 (b), or after conviction. See *State v. Eubanks*, 239 Ga. 483, 486 (238 SE2d 38) (1977). Accordingly, Ivey's direct appeal of this interlocutory matter must be dismissed.

*Appeal dismissed. McMurray, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 6, 1993 —
RECONSIDERATION DENIED NOVEMBER 5, 1993

*William C. Head*, for appellant.
*David C. Turk III, District Attorney, Durwood Davis, Assistant District Attorney*, for appellee.

