A93A1838, A93A1839. HASSELL v. THE STATE (two cases).
(442 SE2d 261)

ANDREWS, Judge.

Hassell was charged by accusation and tried by a jury for driving under the influence of alcohol, reckless driving, attempting to elude an officer, and failure to render aid. He was convicted of the first three offenses and acquitted of the last.

### Case No. A93A1838

1. The accusation originally filed contained five counts. Numerous general and special demurrers were filed concerning this document and, on November 3, during pretrial hearings on various motions, the assistant solicitor announced the filing of an amended accusation pursuant to OCGA § 17-7-71 (f). The fifth count was dropped, the name of the street was omitted from the reckless driving count, and a change was made in the count of which Hassell was acquitted. These changes were effected by obliterating the omitted items on the originally filed accusation and copying it by xerographic means without retyping it. The signature line bore the typed name of the solicitor beneath it and the original had been signed with his name by "SLM."

After the jury was impanelled and sworn on November 9, counsel made his motion asserting a special demurrer and his right to discharge and acquittal based on the lack of an original amended accusation and the fact that the solicitor did not personally sign it. The motion was denied by written order the next day and Hassell filed his direct notice of appeal that same afternoon, resulting in this appeal.

This issue is not properly addressed by direct appeal and the trial court, in the exercise of its discretion, refused to issue a certificate of immediate review. See *Reed v. State*, 205 Ga. App. 209, 210-211 (422 SE2d 15) (1992). Therefore, the appeal in Case No. A93A1838 must be dismissed. *Ivey v. State*, 210 Ga. App. 782 (437

SE2d 810) (1993).[1]

## Case No. A93A1839

2. The first enumeration in the direct appeal of the judgment entered on the jury's verdict is that the court erred in denying the general demurrers filed regarding the reckless driving and attempting to elude counts.

These two counts charged Hassell "with the offense of RECKLESS DRIVING, a misdemeanor, for that said accused, in the county of Cobb, on the 16th day of June, 1992, did operate a motor vehicle in a reckless manner with total disregard for the Safety of persons and property"; and that he "did willfully fail and refuse to bring his vehicle to a stop when given a visual signal of blue lights and an audible signal of siren to bring his vehicle to a stop, said signals being given by P. S. Hines, a uniformed police officer in an official police vehicle."

" 'The true test of the sufficiency of an indictment that will withstand a general demurrer is laid down by Judge Bleckley . . . as follows: "if all the facts which the indictment charges can be admitted, and still the accused be innocent, the indictment is bad; but if, taking the facts alleged as premises, the guilt of the accused follows as a legal conclusion, the indictment is good." ' [Cit.]" *Gower v. State*, 71 Ga. App. 127, 128 (1) (30 SE2d 298) (1944). See *Drewry v. State*, 201 Ga. App. 674 (1a) (411 SE2d 898) (1991).

The accusation, taken as a whole, was sufficient. *Reed*, supra; *Staples v. State*, 199 Ga. App. 551, 552, n. 1 (405 SE2d 551) (1991).

3. Four of the remaining enumerations require consideration of the evidence. Viewed in favor of the verdict, the evidence showed that, at approximately 4:00 a.m. on June 16, 1992, two marked police cars and a paddy wagon were parked at a gas station near the Windy Hill exit to I-75. The five officers had just finished another call.

Officer Hines was sitting in his patrol car facing the street when he and other officers heard the squeal of tires and saw a blue 1989 Grand Prix do a near 180-degree spin in the intersection of Windy Hill and the expressway ramp and then proceed north up I-75. As soon as Officer Zunde got in the car with Hines, pursuit began. Hines immediately activated the flashing headlights and blue lights of his patrol car. There was very little traffic and Hines saw the car about a half mile ahead and estimated the speed at more than 80 mph. The next exit was Delk Road and the Grand Prix, followed by Hines' car,

---

[1] We note that the trial court's order fully and correctly addressed the merits and properly denied the special demurrer and motion for discharge and acquittal. E.g., *Ivey*, supra; *Gibson v. State*, 187 Ga. App. 769 (1) (371 SE2d 413) (1988); *Hillman v. State*, 67 Ga. App. 292 (20 SE2d 91) (1942).

exited. While on the ramp, Hines activated the siren. The Delk Road exit has a sharp turn to the right, which Hassell was unable to execute.

Davis, on his way to work, was in the westbound lane leaving the traffic signal at the top of the ramp when he saw a car being chased by police cars come up the eastbound ramp at a high rate of speed, go through the adjacent grass strip after missing the curve and hitting a metal sign, jump the six-inch concrete median, and become airborne. As Davis hit his brakes, the car landed in front of his pickup and spun out, striking his truck in the front and spinning it around. The car, now facing eastbound in the westbound lane of Delk Road, continued to move, crossed back over the median and continued down Delk Road. Davis saw the flashing lights and heard the sirens.

Hines and Zunde came up the ramp and saw Hassell as he crossed the median for the second time. The car, which had three flat tires and was leaking either oil or transmission fluid, proceeded about a half mile before it stopped. Neither Hines nor Zunde noticed any brake lights come on when the car stopped. The car's left side and right front were badly dented and the driver's side window was shattered.

The officers, with weapons drawn due to suspicious movements by Hassell in the car, approached as Hassell got out the passenger's door. He was stumbling and holding on to the car for support. He had a graze on his nose and a quarter-inch cut over his left eye. There was a strong odor of alcoholic beverage about him and several beer containers, some full and some empty, were on the floorboard.

(a) There being evidence sufficient to convince any rational trier of fact of the existence of the essential elements of the crime of attempting to elude an officer, there is no merit to the third enumeration. *Jackson v. Virginia*, 443 U. S. 307, 310 (99 SC 2781, 61 LE2d 560) (1979); *Baldwin v. State*, 153 Ga. App. 35, 37 (264 SE2d 528) (1980).

(b) Hassell, although he denied making the statement, filed a motion in limine to exclude Hines' testimony that Hassell responded affirmatively to Hines' question of whether he had driven "drunk" all the way from Alabama.[2]

Pretermitting the issue of whether Hassell was in custody at the time the question was asked, there is no question of the "voluntariness" of the answer given, only a difference of opinion as to the nature of the question. Therefore, any failure to give *Miranda* warnings was harmless as a matter of law. *Arizona v. Fulminante*, 499 U. S.

---

[2] Hassell acknowledged affirmatively answering the question of whether he had driven all the way from Alabama.

279 (111 SC 1246, 113 LE2d 302) (1991).

(c) Hassell testified and acknowledged that he had driven from Alabama and had consumed at least two beers before and during the trip as well as having at least three bourbon and Cokes at a lounge before attempting to drive back to a hotel on Delk Road. He enumerates as error the court's allowing into evidence his refusal to take the state-administered breath test.

He contends that he wanted medical treatment first and would have been willing to take the test after treatment. He acknowledges, however, that he was read the warnings and, at that time, he declined. He contends, however, that he was injured and shaken by the accident and was, therefore, incapable of refusing.

"Even if, as appellant seems to allege, he was unconscious or semi-conscious, and thereby incapable of refusing to consent to the test, the results of the test were nevertheless admissible. OCGA § 40-5-55 (b); *Rogers v. State*, [180 Ga. App. 310 (348 SE2d 888) (1986)]; *Rogers v. State*, 163 Ga. App. 641, 643 (1) (295 SE2d 140) (1982)." *Holmes v. State*, 180 Ga. App. 787, 788 (1) (350 SE2d 497) (1986). *Lankford v. State*, 204 Ga. App. 405, 406 (1) (419 SE2d 498) (1992).

Any factual disputes regarding the giving of the warning and the lack of consent were for resolution by the trial court. *Holmes*, supra.

(d) The seventh enumeration alleges that the court erred in allowing introduction of the field sobriety tests administered by the officers before placing Hassell under arrest.

The pre-trial motion concerning the field sobriety tests and the objection voiced at trial and here is that the tests administered lacked an adequate scientific basis or foundation.

The court did not allow the introduction of the Horizontal Gaze Nystagmus Test, so we need not consider that, even though this court has concluded admission of such evidence is not error. *Manley v. State*, 206 Ga. App. 281 (424 SE2d 818) (1992).

Hassell was also asked to stand on one leg for 30 seconds and to repeat the alphabet. He was unable to complete either test. He was also administered the alco-sensor test, which registered positive for presence of alcohol.

These tests were admissible and not subject to the objections raised. See *Harper v. State*, 249 Ga. 519, 525 (1) (292 SE2d 389) (1982); *Manley*, supra.

4. Hassell complains of the admission of a similar crime, contending that there was insufficient similarity with the charged crime.

Prior to trial, the notice and hearing required by USCR 31.3 (B) were provided. At trial, the officer involved in the 1990 incident testified that on August 1, 1990, he was patrolling in Cobb County in a marked police car when he noticed a small sports car approaching his vehicle at a high rate of speed. It was approximately 2:30 a.m. He

clocked the car on his radar and made a U-turn to pursue the 1990 red 280ZX. He activated his lights and siren and pursued the car at speeds of over 100 mph. The car did not slow down and the officer momentarily lost sight of it. As he came around a curve, he saw a red 280ZX parked by the roadside with two men standing by it. He stopped and learned that Hassell owned the car and had been driving. Hassell smelled of alcoholic beverage, had slurred speech, watery eyes, and failed the field sobriety tests.

The evidence was admissible and the court properly instructed the jury as to its limited purpose. *Kirkland v. State*, 206 Ga. App. 27, 28 (3) (424 SE2d 638) (1992); *Lankford*, supra at 408 (5).

5. While Hassell complains that he was not afforded adequate discovery, he was afforded all pretrial discovery afforded by the statutes of this state and the trial court conducted an in camera review of the prosecutor's file and concluded there was no exculpatory material. There was no error.

*Appeal dismissed in Case No. A93A1838. Judgment affirmed in Case No. A93A1839. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED MARCH 1, 1994 —
RECONSIDERATION DENIED MARCH 15, 1994 — ▮▮▮▮▮▮

*William C. Head*, for appellant.
*Ben F. Smith, Jr., Solicitor, Mary L. Kendall, Barry E. Morgan, Assistant Solicitors*, for appellee.