A94A2113. LORIO v. THE STATE.
(454 SE2d 164)

RUFFIN, Judge.

Appellant, John Lorio, was convicted of driving under the influence of alcohol, failure to maintain lane and driving without a license.

Lorio's sole enumeration of error is that the trial court erred in allowing the police officer to testify about Lorio's numerical score on the Horizontal Gaze and Nystagmus Test ("HGN"). Lorio contends the HGN test is merely a field sobriety test with results that are either positive or negative and that the admission of the numerical score was highly prejudicial. We disagree.

This court has previously ruled that the HGN has reached a state of verifiable certainty in the scientific community and is admissible "to show a symptom indicative of, though not determinative of, the presence of alcohol." *Manley v. State*, 206 Ga. App. 281, 282 (424 SE2d 818) (1992). Accord *Hassell v. State*, 212 Ga. App. 432, 435 (3) (d) (442 SE2d 261) (1994). At trial, the arresting officer testified that while administering the HGN, three "clues" or signs are looked for in each eye which might indicate the presence of alcohol, resulting in a total of six possible points against the driver. The officer testified that he observed all six signs in Lorio, thus resulting in a failing score. The officer did no more than explain the results of an admissible test, and we see no difference between this situation and an officer testifying to the numerical "score" from the driver's intoximeter test, rather than being constrained to testify simply that the intoximeter result was

positive.

Further, any potential prejudice from the admission of the score was minimal in light of the other evidence against Lorio. See *Manley*, supra. The officer testified that prior to stopping Lorio's car, it crossed the centerline at least five times. While the officer was talking to Lorio, he noticed that Lorio's speech was slow and slurred, that his eyes were bloodshot and glazed and that he had a strong odor of alcohol about him. In addition, Lorio was swaying and having trouble maintaining his balance. When asked to recite the alphabet, he transposed two letters and stopped without finishing at the letter "T." He also had difficulty with the "one leg stand" test, another field sobriety test which tests motor skills. Finally, the results of Lorio's intoximeter test were .08 at 2:41 in the morning. Based on the foregoing, the trial court did not err in allowing the numerical score from the HGN.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 8, 1995.

*Moore & Davidson, W. Keith Davidson*, for appellant.

*Gerald N. Blaney, Jr., Solicitor, Richard E. Thomas, Assistant Solicitor*, for appellee.