# Court of Appeals
# of the State of Georgia

ATLANTA,___May 15, 2015_____

*The Court of Appeals hereby passes the following order:*

**A15A1355.  DOMINIQUE GILBERT v. THE STATE.**

Dominique Gilbert, who has been charged with multiple counts of child molestation and related offenses, filed a plea in bar challenging the indictment as insufficiently vague.  Specifically, Gilbert argued that the indictment failed to identify an adequately narrow date range for the alleged offenses.  The trial court denied the motion, and Gilbert filed this appeal.

As a general rule, a right of direct appeal lies from a final judgment; that is, where the case is no longer pending below. See OCGA § 5-6-34 (a) (1).  The Supreme Court has created limited exceptions to this rule. See *Hubbard v. State*, 254 Ga. 694 (333 SE2d 827) (1985) (statutory speedy trial claim); *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982) (double jeopardy).  However, the Supreme Court has declined to extend these limited exceptions.  See *Crane v. State*, 281 Ga. 635, 636 (641 SE2d 795) (2007) (defendant may not directly appeal the denial of a motion to dismiss under OCGA § 16-3-24.2).  Here, Gilbert did not base his plea in bar on either a statutory speedy trial claim or a claim of double jeopardy.  Accordingly, he was required to comply with the interlocutory appeal procedure to obtain appellate review. See *Ivey v. State*, 210 Ga. App. 782 (437 SE2d 810) (1993) (appeal of order overruling special demurrer required compliance with interlocutory appeal procedure). Because Gilbert failed to comply with the requisite interlocutory procedures, this premature appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,_____05/15/2015_____*
*I certify that the above is a true extract from*
the minutes of the Court of Appeals of Georgia.
*Witness my signature and the seal of said court*
hereto affixed the day and year last above written.

_____, *Clerk.*