# Court of Appeals
# of the State of Georgia

ATLANTA,____June 10, 2015_____

*The Court of Appeals hereby passes the following order:*

**A15D0416.  LARRY HARPER v. THE STATE.**

Larry Harper is charged with murder, felony murder, aggravated assault, concealing the death of another, and tampering with evidence.  He filed a number of pro se pretrial motions, including several motions challenging the sufficiency of the indictment, a motion challenging his arrest warrant, and a motion for out-of-time appeal from an order denying a motion to suppress incriminating statements.

As a general rule, a right of appeal lies from a final judgment; that is, where the case is no longer pending below.  See OCGA § 5-6-34 (a) (1). The Supreme Court has created limited exceptions to this rule in criminal cases. See *Hubbard v. State*, 254 Ga. 694 (333 SE2d 827) (1985) (statutory speedy trial claim); *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982) (double jeopardy).  But Harper does not seek to appeal the denial of a statutory speedy trial or double jeopardy claim.  Accordingly, he was required to comply with the interlocutory appeal procedure, including obtaining a certificate of immediate review from the trial court, to obtain appellate review at this juncture. See *Ivey v. State*, 210 Ga. App. 782 (437 SE2d 810) (1993) (appeal of order overruling special demurrer required compliance with interlocutory appeal procedure).[1]

Because Harper failed to comply with the requisite procedures for obtaining

---

[1] Although Harper filed an application for discretionary appeal, compliance with the discretionary appeal statute, OCGA § 5-6-35, does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b).  See *Bailey v. Bailey*, 266 Ga. 832 (471 SE2d 213) (1996).

interlocutory review, this premature application is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,_____06/10/2015_____
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.