# Court of Appeals
# of the State of Georgia

ATLANTA,  April 12, 2018

*The Court of Appeals hereby passes the following order:*

**A18D0384. ROY BOONE BRIGHT v. THE STATE.**
**A18D0394. ROY BOONE BRIGHT v. THE STATE.**

Roy Boone Bright, proceeding pro se, seeks discretionary review of trial court orders resolving several pre-trial motions, including a statutory demand for a speedy trial. In Application No. A18D0384, Bright seeks review of trial court orders denying his motion to compel discovery, motion for service of witness subpoenas, and motion to dismiss the case against him. In Application No. A18D0394, Bright seeks review of the same trial court order denying his motion to compel discovery, as well as a trial court order dismissing his untimely statutory demand for a speedy trial.

As a general rule, a right of appeal lies from a final judgment; that is, where the case is no longer pending below. See OCGA § 5-6-34 (a) (1). Here, however, it is clear that the case remains pending in the trial court. With respect to the orders denying Bright's motion to compel discovery, motion for service of witness subpoenas, and motion to dismiss, therefore, Bright was required to follow the interlocutory appeal procedure outlined in OCGA § 5-6-34 (b), which requires that a defendant obtain a certificate of immediate review to appeal at this juncture. See OCGA § 5-6-34 (b); See *Ivey v. State*, 210 Ga. App. 782 (437 SE2d 810) (1993) (appeal of order overruling special demurrer required compliance with interlocutory appeal procedure). Bright's failure to follow the interlocutory appeal procedure deprives this Court of jurisdiction to consider the applications with respect to these orders. Accordingly, Application No. A18D0384 is DISMISSED in its entirety.

With respect to Application No. A18D0394, the denial of Bright's speedy trial demand pursuant to OCGA 17-7-170 is directly appealable despite the fact that it is

non-final. See *Johnson v. State*, 300 Ga. 252, 257 (3) (794 SE2d 60) (2016) (although the denial of a speedy trial claim based on a constitutional violation is subject to the interlocutory appeal procedures, the denial of a speedy trial motion based on statutory grounds is immediately appealable). Under OCGA § 5-6-35 (j), when a timely application for discretionary appeal is filed in a case that is subject to direct appeal under OCGA § 5-6-34 (a), but not subject to discretionary appeal under OCGA § 5-6-35 (a), and the applicant has not filed a timely notice of appeal, the appellate court has jurisdiction to decide the case and must grant the application. Accordingly, Application No. A18D0394 is GRANTED with respect to the order denying Bright's statutory speedy trial demand only. This Court will not consider Bright's challenge to the denial of his motion to compel discovery, as raised in Application No. A18D0394, because that ruling is subject to the same analysis that results in the dismissal of Application No. A18D0384.

Bright shall have ten days from the date of this order to file a notice of appeal with the superior court regarding the denial of his statutory speedy trial claim. OCGA § 5-6-35 (g). The clerk of the superior court is instructed to include a copy of this order in the appeal record transmitted to this Court.



*Court of Appeals of the State of Georgia*

    *Clerk's Office, Atlanta,  04/12/2018*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*