# Court of Appeals
# of the State of Georgia

ATLANTA,  September 15, 2022

*The Court of Appeals hereby passes the following order:*

**A23A0196. JONATHAN MICHAEL STONE v. THE STATE.**

The trial court entered an order denying Jonathan Michael Stone's special demurrer to the indictment. Stone then filed this direct appeal. We, however, lack jurisdiction.

The dismissal of Stone's special demurrer must be appealed in accordance with the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b) – including obtaining a certificate of immediate review from the trial court. See OCGA § 5-6-34 (b); *Ivey v. State*, 210 Ga. App. 782, 783 (437 SE2d 810) (1993) (appeal of order overruling special demurrer required compliance with interlocutory appeal procedure). Stone's failure to follow the proper appellate procedures deprives us of jurisdiction.

In his notice of appeal, Stone asserts that he is appealing the trial court's order under the collateral order doctrine. "The collateral order doctrine permits appeals from a small category of decisions that are (i) conclusive, (ii) that resolve important questions separate from the merits, and (iii) that are effectively unreviewable on appeal from the final judgment in the underlying action." *Expedia, Inc. v. City of Columbus*, 305 Ga. App. 450, 452 (1) (699 SE2d 600) (2010) (punctuation omitted). This narrow doctrine applies only to those cases in which denial of immediate appeal would render appellate review impossible. See *Murphy v. Murphy*, 322 Ga. App. 829, 831 (747 SE2d 21) (2013). That is not the case here and thus, the collateral order doctrine does not apply.

Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,* <u>09/15/2022</u>

      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*