# Court of Appeals
# of the State of Georgia

ATLANTA,  March 03, 2023

*The Court of Appeals hereby passes the following order:*

**A23A1061. RASHAWN MITCHELL v. THE STATE.**

Rashawn Mitchell was charged with several sexual offenses, and he filed a special demurrer to the indictment. The trial court overruled the demurrer and subsequently denied Mitchell's request for a certificate of immediate review. Mitchell then filed this direct appeal, asserting that he is appealing the trial court's order under the collateral order doctrine. We lack jurisdiction.

Our precedent is clear that an order denying a special demurrer is an interlocutory order. See *Ivey v. State*, 210 Ga. App. 782, 783 (437 SE2d 810) (1993) (appeal of order overruling special demurrer required compliance with interlocutory appeal procedure). Accordingly, in order to appeal, Mitchell was required to follow the interlocutory appeal procedure in OCGA § 5-6-34 (b), which includes obtaining a certificate of immediate review. Here, the trial court declined to issue the certificate, and we will not interfere with the trial court's discretion in this regard. See *Scruggs v. Georgia Dept. of Human Resources*, 261 Ga. 587, 588 (1) (408 SE2d 103) (1991).

Mitchell is not entitled to a direct appeal under the collateral order doctrine. "The collateral order doctrine permits appeals from a small category of decisions that are (i) conclusive, (ii) that resolve important questions separate from the merits, and (iii) that are effectively unreviewable on appeal from the final judgment in the underlying action." *Expedia, Inc. v. City of Columbus*, 305 Ga. App. 450, 452 (1) (699 SE2d 600) (2010) (punctuation omitted). This narrow doctrine applies only to those cases in which denial of immediate appeal would render appellate review impossible. See *Murphy v. Murphy*, 322 Ga. App. 829, 831 (747 SE2d 21) (2013). That is not the case here and thus, the collateral order doctrine does not apply. See

*Ivey*, 210 Ga. App. at 783 (order overruling a special demurrer is reviewable under the interlocutory appeal procedures or after conviction).

Accordingly, Mitchell's failure to comply with the interlocutory appeal procedures of OCGA § 5-6-34 (b) deprives this Court of jurisdiction to consider this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   03/03/2023*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____Stephen E. Castlen_____, *Clerk.*