# Court of Appeals
# of the State of Georgia

ATLANTA,  July 19, 2024

*The Court of Appeals hereby passes the following order:*

## A24A1769. FREDERICK ANTWAN GILYARD v. THE STATE.

In October 2023, Frederick Antwan Gilyard was indicted for aggravated assault, false imprisonment, and battery. In February and April 2024, Gilyard filed pro se general demurrers and a motion to dismiss the indictment. After a hearing, the trial court denied all the motions. Gilyard then filed this direct appeal. We lack jurisdiction.

Under OCGA § 5-6-34 (a) (1), direct appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below[.]" A criminal case is not final and ripe for appeal until all of the charges against the defendant have been resolved. See *Keller v. State*, 275 Ga. 680, 680-681 (571 SE2d 806) (2002) (holding that a criminal case remains pending until the court enters a written judgment of conviction and sentence on each count). Gilyard's case remains pending as it has yet to go to trial, and thus, Gilyard was required to follow the interlocutory appeal procedures outlined in OCGA § 5-6-34 (b). Gilyard's failure to do so deprives us of jurisdiction over this appeal. See OCGA § 5-6-34 (b); *Ivey v. State*, 210 Ga. App. 782, 783 (437 SE2d 810) (1993) (appeal of order overruling demurrer required compliance with interlocutory appeal procedure); *Stewart v. State*, 240 Ga. App. 154, 154 (522 SE2d 743) (1999) (order denying a motion to dismiss an indictment is an interlocutory order).

For this reason, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* __07/19/2024_____

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*